UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CIVIL ACTION NO. 15-123-DLB**

**ROBERT LEE HUBBARD, JR.**                                              **PLAINTIFF**

**vs.**                     **MEMORANDUM OPINION & ORDER**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                           **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, will **affirm** the Commissioner's decision, as it is supported by substantial evidence.

**I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 12, 2012, alleging disability beginning September 1, 2006.[1] (Tr. 176-181). Plaintiff's application for SSI was denied on January 19, 2012. (Doc. #15-1). Plaintiff did not appeal the SSI denial. On May 9, 2012, Plaintiff's application for DIB was denied. (Tr. 124-127). Plaintiff pursued his DIB denial and his Request for Reconsideration was completed on July 10, 2012. (Tr. 128-131). Plaintiff's Request for Reconsideration was denied on August 29, 2012. (Tr. 129-131). Plaintiff then filed a

---

1) Commissioner's Motion for Summary Judgment references a January 4, 2012 application date contrary to the dates listed on the Application Summary For Supplemental Security Income and Application Summary For Disability Insurance Benefits. (Tr. 176-181).

1

Request For Hearing By Administrative Law Judge. (Tr. 132-133). On November 27, 2013, Administrative Law Judge ("ALJ") Roger L. Reynolds ruled that Plaintiff was not entitled to DIB. The decision became final March 11, 2015 when the Appeals Council denied review of Plaintiff's claim. (Tr. 1-4). On May 5, 2015, Plaintiff filed suit in this Court. (Doc. #1). This matter has culminated in Cross-Motions for Summary Judgment, which are now ripe for review. (Docs. # 11 & 15).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Cutlip*, 25 F.3d at 286. Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). However, even if supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, December 31, 2011, through his date last insured, December 31, 2012. (Tr. 12). At Step 2, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post discectomy and fusion of C5/6 level; degenerative joint disease of the shoulders, status post right rotator cuff repair surgery; morbid obesity; right elbow epicondylitis; and major depressive disorder. (*Id.*).

At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, 20 CFR part 404, Subpart P, Appendix 1. (Tr. 13). The ALJ reviewed Plaintiff's medical records and determined that there was insufficient evidence to establish a disorder of the spine under section 1.04. (*Id.*) The ALJ also considered the list of impairments under section 1.02 relating to major dysfunction of a joint. The ALJ concluded that Plaintiff did not demonstrate an inability to perform fine and

3

gross dexterous movements. (*Id.*). Plaintiff's obesity was also considered in assessing the claim. While Plaintiff's obesity was noted as being above the National Institutes of Health threshold for establishing obesity, the ALJ determined that the impairment or its additive effects on other impairments did not rise to the level of a listed impairment. (*Id.*) The ALJ further found that Plaintiff did not meet the requirements under Listing 12.04 (affective disorders) because Plaintiff did not have two marked limitations or one marked limitation with repeated episodes of decompensation, each of extended duration.[2] (Tr. 14).

At Step 4, the ALJ concluded that Plaintiff has the capacity to perform a reduced range of light work. (*Id.*). Plaintiff's limitations include:

> He cannot climb ropes, ladders, scaffolds, but he can climb ramps or stairs occasionally. He can occasionally balance, stoop, crawl, kneel, or crouch. He cannot perform hyperextension of the cervical spine. He should have no exposure to concentrated dusts, gases, smoke, fumes, temperature extremes, excess humidity, vibration or industrial hazards. He cannot perform work with hands over the head. The claimant requires entry-level work with simple repetitive procedures and without frequent changes in work routines. He should work in an object-oriented work environment, with only occasional and casual contact with coworkers [and] supervisors in a non-public setting.

(Tr. 14-15). Additionally, the ALJ concluded that the Plaintiff is unable to perform past relevant work as a truck driver and a deputy sheriff because these jobs required medium to heavy exertion. (Tr. 20).

With Plaintiff being unable to perform past relevant work, the ALJ proceeded to Step 5, and found that there were a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 21). In making this conclusion, the ALJ consulted a vocational expert ("VE") and inquired whether jobs existed in the national economy for an individual

---

2) The ALJ adopted by reference the discussion of the medical evidence record and testimony of a prior hearing set forth in ALJ Kayser's decision of February 19, 2010.

4

of claimant's age, education, work experience, and residual functional capacity. (*Id.*). The VE identified that Plaintiff could find work at the light exertional level as a final inspector (5,000 jobs regionally/ 215,000 nationally), machine operator (4,000 jobs regionally/ 200,000 nationally), or bench assembly (4,500 jobs regionally/ 310,000 nationally). (*Id.*). The VE further listed three sedentary jobs with the same nonexertional limitations. (*Id.*). The sedentary jobs included inspecting (3,200 jobs regionally/ 175,000 nationally), final assembly (3,700 jobs regionally/ 185,000 nationally), and hand working/packing (3,500 jobs regionally/ 200,000 nationally). (Id.). Based on these findings, the ALJ concluded that the Plaintiff was capable of adjusting to other work and therefore "not under a disability, as defined in the Social Security Act." (Tr. 22).

**C.    Analysis**

Plaintiff advances three arguments on appeal.  First, he claims that the case should be remanded so that the ALJ can consider his DIB and SSI benefits, because he believes the ALJ erred by not considering them in the first instance.  Next, he claims that the ALJ's findings are not supported by substantial evidence because he misinterpreted Dr. Haziq's findings.  Lastly, he claims that the ALJ erroneously gave greater weight to non-examining sources than examining and treating physicians.  Each argument will be addressed, and denied, in turn.

**1.    The Court lacks jurisdiction to consider Plaintiff's claim for SSI.**

The Commissioner correctly argues that this Court lacks jurisdiction to review Plaintiff's SSI claim.  Plaintiff wants to remand this case to the ALJ because his SSI claim was not reviewed at that stage.  However, Plaintiff's claim was never before the ALJ because he failed to pursue the prerequisite administrative procedures.  Failure to exhaust

5

administrative procedures below divests this Court of jurisdiction to hear the appeal. *See* 20 C.F.R. § 422.210 ("claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner. A claimant may also obtain judicial review of a reconsidered determination, or of a decision of an administrative law judge, where, under the expedited appeals procedure, further administrative review is waived by agreement under §§ 404.926, 410.629d, or 416.1426 of this chapter or 42 CFR 405.718a-e as appropriate."). Because Plaintiff did not exhaust his administrative remedies for his SSI claim, the Court will not consider it in adjudicating these Motions. *See McKenna v. Comm'r of Soc. Sec.*, 156 F.3d 1231 (unpublished table decision); see also Kennedy v. Comm'r of Soc. Sec., 202 F.3d 268 (unpublished table decision) ("The fact that a plaintiff's claim arises under the Constitution, however, as well as the Social Security Act does not provide a way around the requirements of section 405(g).") (each citing *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)).

### 2. The ALJ did not err in weighing Dr. Haziq's opinion.

Dr. Haziq evaluated Plaintiff in March of 2012. (Tr. 387-92). Plaintiff complains that the ALJ summarily accepted the Dr. Haziq's findings. The record belies this suggestion. The ALJ summarized Dr. Haziq's findings, considered the straight-leg test results, and highlighted that Plaintiff might have degenerative disc disease. Plaintiff does not indicate how the ALJ erred in relying on Dr. Haziq's findings or why those findings are inaccurate. Further, Dr. Haziq's findings were only one factor that the ALJ used in making this disability determination. Plaintiff has not made a clear statement of why Dr. Haziq's findings were unreliable or how, even if they were, the ALJ erred in relying on them. And the Court does

not have to search the record or the briefs to make Plaintiff's arguments for him, and finds no reason to reverse and remand on this ground. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). Accordingly, Plaintiff's challenge on this ground is denied.

### 3. ALJ did not err in giving more weight to non-examining physicians.

Plaintiff next challenges the ALJ's determination to give greater weight to non-examining, state-agency physician Dr. Reed's opinion than that of treating physician Dr. Lester. A "[t]reating physician's opinion is only entitled to such special attention and deference when it is a medical opinion." *Turner v. Commissioner of Social Sec.*, 381 F. App'x. 488, 493 (6th Cir. 2010); *see also* 20 C.F.R. § 404.1527. A treating physician's opinion is entitled to deference only if it is based on objective medical findings. *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x. 194, 197 (6th Cir. 2004) (citing Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). If the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for doing so. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). An ALJ must give a treating source's opinion controlling weight "if he finds the opinion 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527 (d)(2)). Upon deciding that the treating source's opinion is not entitled to controlling weight, the ALJ must consider the following factors to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature

7

and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. (*Id.*). While opinions from treating sources generally receive more weight than opinions from non-examining sources, deviation from this general approach is not *per se* error of law. *Norris v. Comm'r of Soc. Sec.*, 461 Fed. Appx. 433, 433 (6th Cir. 2012).

In this case, the ALJ set forth a reasoned basis for giving greater weight to Dr. Reed's residual functional capacity assessment than that of treating physician Dr. Lester. The ALJ considered Dr. Lester's residual functional capacity assessment, but found that Dr. Lester's "objective findings [did] not support the extreme limitations spelled out in his report."(Tr. 20). Furthermore, "Dr. Lester's clinic notes mentioned negative straight-leg-raise tests, contrary to his fill-in-the-blank form [that recited] positive studies." (*Id*). The ALJ additionally found that "the claimant's actions in pursuing recertification of his CDL and, at least by medical records, participating in farming activities, [were] not consistent with Dr. Lester's opinions." (*Id.*). The ALJ adequately considered the factors for assigning less weight to Dr. Lester's residual functional capacity assessment, and provided a reasoned basis for doing so. The Court finds no error.

The Plaintiff also claims that the ALJ erred in giving the greatest weight to reviewing psychologists Dr. Bruening and Dr. Ross. Likewise, this argument is unpersuasive. The ALJ explained his reasoning for giving more weight to the reviewing psychologists by addressing the inconsistencies between Dr. Hundley's examination results and his opinions. (Tr. 20). Dr. Hundley's examination results "recounted good memory, basic knowledge, and judgment, as well as the ability to think abstractly and interact well during the actual clinical interview." (*Id.*). Despite these findings, Dr. Hundley concluded that

Plaintiff was "guarded to poor" in multiple functions. (*Id.*). The ALJ gave lesser weight to Dr. Hundley's opinion after finding that Dr. Hundley's conclusions were largely based on Plaintiff's self-reporting. (*Id.*). The ALJ provided a reasoned basis for his decision to give Dr. Hundley's decision less weight. After a review of the record, the ALJ's decision to place more weight on reviewing psychologists is consistent with the record and the Court finds no error.

### III.    CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3)    Defendant's Motion for Summary Judgment (Doc. # 15) is hereby **GRANTED.**

(4)    A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 31st day of August, 2016.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\Lexington\5-15-123 Hubbard MOO.wpd

9